UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



| | § | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | H-03-0946 |
| | § | Civil Action No. |
| v. | § § | |
| MERRILL LYNCH & CO., INC., et al. | § § | |
| Defendants. | § § § | |

# FINAL JUDGMENT AGAINST MERRILL LYNCH & CO., INC.

The Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant Merrill Lynch & Co., Inc. ("Merrill Lynch") having entered a general appearance; consented to the Court's jurisdiction over Merrill Lynch and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived filing of an answer and the entry of findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment; and the Commission having agreed that it shall not institute any proceeding or issue any Order against any registered broker-dealer, investment advisor or transfer agent subsidiary or affiliate of Merrill Lynch pursuant to Section 15(b) or 15B of the Securities Exchange Act of 1934 (the "Exchange Act"), Section 203 of the Investment Advisers Act of 1940 or Section 17A of the Exchange Act,

5

respectively, based solely upon the alleged facts which are the subject matter of the Complaint or the entry of the Final Judgment:

## I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Merrill Lynch, its agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

 (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Merrill Lynch, its agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with any of them, who receive actual notice of this Final

Judgment, by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 13(a) of the Exchange Act [15 U.S.C. 78m(a)] and Rules 12b-20, 13a-1, and 13a-13 promulgated thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, & 240.13a-13] by filing or causing to be filed with the Commission any annual or quarterly report on behalf of any issuer required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and the rules and regulations promulgated thereunder, which contains any untrue statement of material fact, which omits to state any material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or which omits to disclose any information required to be disclosed.

### III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Merrill Lynch, its agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)] by failing or causing the failure of any issuer having a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)] to

    A.    make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer; or

    B.    devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that (i) transactions are executed in accordance with management's general or specific authorization; (ii) transactions are recorded as necessary (I) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (II) to maintain accountability for assets; (iii) access to assets is permitted only in accordance with management's general or specific authorization; and (iv) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

### IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Merrill Lynch, its agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Rule 13b2-1 [17 C.F.R. § 240.13b2-1] promulgated under Section 13(b) of the Exchange Act [15 U.S.C. § 78m(b)] by falsifying, or causing to be falsified, any book, record, or account described in Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

### V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Merrill Lynch, its agents, servants, employees, attorneys, assigns, and all persons in active

concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] by knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account described in Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)].

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Merrill Lynch is liable for disgorgement of $37,500,000, representing disgorgement, together with prejudgment interest thereon in the amount of $5,000,000, and a civil penalty of $37,500,000 pursuant to Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)]. This Court takes notice that upon the filing of the Commission's Complaint in this action, Merrill Lynch deposited $80,000,000 in funds into the Registry of the Court pursuant to its Consent and to satisfy its obligation to the United States Securities and Exchange Commission. This Court assumes continued jurisdiction and control of the funds. By making this payment, Merrill Lynch relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Merrill Lynch. The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS"). These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held by the CRIS until further order of the Court. In accordance with the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the

income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund, including the portion designated as payment of the civil penalty, shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Merrill Lynch shall comply with all of the undertakings and agreements set forth therein.

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: March 19, 2003

_____
UNITED STATES DISTRICT JUDGE

6