UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,  )<br>)<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>MERRILL LYNCH & CO., INC., et al.,  )<br>)<br>Defendants.  ) | Civil Action No. H-03-0946<br><br>Judge Hoyt |

## **FINAL JUDGMENT AS TO DEFENDANT DANIEL H. BAYLY**

The Securities and Exchange Commission (the "Commission" or "SEC") having filed a Complaint and Defendant Daniel H. Bayly ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and over the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and

Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1 and 240.13a-13], by knowingly providing substantial assistance to an issuer that:

    (a)    fails to file with the SEC the information, documents and reports required under Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)], and Rules 13a-1 and 13a-13 [17 C.F.R. § 240.13a-1 and 17 C.F.R. § 240.13a-13] promulgated thereunder;

    (b)    fails to include in the statements or reports filed with the SEC such further material information , if any, as may be necessary to make the required

statements, in the light of the circumstances under they are made not misleading, in violation of Rule 12b-20 [17 C.F.R. § 240.12b-20] promulgated under the Exchange Act.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A) and 78m(b)(2)(B)] and Rule 13b2-1 thereunder [17 C.F.R. § 240.13b2-1], by knowingly providing substantial assistance to an issuer that:

(a) fails to make and keep books, records, and accounts, which in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer, in violation of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)];

(b) fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that transactions are recorded in accordance with management's authorization and in a manner to permit preparation of financial statements in conformity with generally accepted accounting principles, in violation of Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)]; or

(c) falsifies any book, record or account of the issuer subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)], by knowingly providing substantial assistance to an issuer that knowingly circumvents or knowingly fails to implement a system of internal accounting controls or knowingly falsifies any book, record, or account described in Section13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)].

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited, for a period of five (5) years following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $1.00, and a civil penalty in the amount of $300,000.00 under Section 21(d)(3)(B) of the Exchange Act [15 U.S.C. § 78(d)(3)(B)]. Defendant shall satisfy this obligation by paying $300,001.00 within ten business days to the Clerk of this Court, together with a cover letter identifying Daniel H. Bayly as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is

made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

The Clerk shall deposit the funds into the Liquidity Account holding Enron-related funds in the case captioned SEC v. J.P. Morgan Chase, H-03-2877 (Harmon), the main interest bearing account with the Court Registry Investment System that is holding funds from settled and closed Commission enforcement actions relating to Enron from which distributions to eligible harmed investors will be made. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court, and shall be distributed pursuant to the Distribution Plan approved by the Court on October 8, 2008 in SEC v. J.P. Morgan Chase, H-03-2877 (Harmon). In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

Amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's

payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: Dec. 31, 2009

UNITED STATES DISTRICT JUDGE